## Bloomington Electric Light Co. v. James Gray.

1. VERDICTS—On Conflicting Evidence.—It is the special province of the jury to reconcile conflicting evidence, and to determine where the truth lies.

Trespass on the Case, for fraud and deceit. Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

GEO. O. BARNES and A. E. DeMANGE, attorneys for appellant.

LIVINGSTON & BACH, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case brought by the appellant against the appellee in the Circuit Court of McLean County, to recover damages by reason of the alleged fraud and deceit practiced by the appellee upon the appellant when he traded to it a mare for a horse and $50 boot money. The fraud and deceit claimed to have been practiced was that the appellee represented and warranted the mare to be gentle and to work well in harness, which was relied upon as being true by the appellant, when in fact it is alleged the mare was valueless because she was wild, would not work well in harness and was an habitual kicker and runaway.

There were two counts in the declaration; the first set out the trade and warranty of gentleness, etc., and the reliance of the appellant upon the truthfulness of the qualities warranted; the second set out the trade, the false and fraudulent representation, and warranty of gentleness, etc., and the reliance of the appellant upon the truth of the representation and warranty, and that the appellee falsely and fraudulently knew the mare was not gentle and would not work

well in harness, but was a kicker and runaway, and that he made the false representation and warranty, intending thereby to, and did, deceive the appellant.

The appellee pleaded not guilty, a trial was had by jury and a verdict and judgment rendered for the appellee. The appellant brings the case to this court and urges a reversal of the judgment for the reasons, it claims, that the verdict is contrary to the evidence, and that the court gave improper instructions at the request of the appellee.

From the evidence it appears that the appellee and appellant did make the trade as claimed, and the evidence, although conflicting, tended to show very strongly that the appellee represented and warranted the mare to be gentle and to work well in harness; but there was a square conflict in the evidence as to whether the mare when traded was gentle and would work well in harness, or was then a kicker and runaway. This conflict it was the special province of the jury to reconcile, and to determine where the truth was; and the record does not disclose any improper conduct of or influence upon the jury; nor that the verdict was the result of passion or prejudice; and besides, there was evidence tending very strongly to account for the mare kicking and running away after the appellant traded for her, because the old harness that she was worked in was too small and was tied together with wire; and that the servant of the appellant, who drove the mare, whipped her, which caused her to run away.

The instructions complained of are not open to the objections urged against them; and on the whole record it fully appears that each party has had a fair and impartial trial of a case that turned upon the question of fact as above indicated, and the jury, as is their province, have settled this against the contention of the appellant, and we will not disturb it.    Judgment affirmed.